# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ALMY, | 3:17-cv-00224-MMD-CBC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| ISIDRO BACA, *et al.*, | |
| Defendants. | |

This case involves a civil rights action filed by Plaintiff Kevin Almy ("Almy") against Defendants Romeo Aranas, Isidro Baca, Quentin Byrne, Candis Brockway (aka "Lucas"), Dena'e Clark, John Cosman, Frank Dreesen, James Dzurenda, Edward Gibson, Ben Gutierrez, Ira Hollingsworth, Silvia Irvin, John Keast, Ronda Larsen, John Manning, David Mar, Karly McCormack, Roger Mooney, Shannon Moyle, Francisco Sanchez, Ronald Schrekengost, David Tristan, Brian Ward, Theresa Wickham, Brian Williams, and Gregory Yates (collectively referred to as "Defendants").[2] Currently pending before the

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] Almy also named Minor Adams, C. Baxley, Abuencamino, Dr. Donnally (sic), C. Dressler, S.L. Foster, Gabrielo Garcia, Hector, Dr. Angel Jones, R. Light, NNCC Maintenance Department, A. Maier, Peterson, Lynne Rensmon, Rexwinkle, O. Reyes, Michael J. Thomas, Tobar, and Nurse Aaron as defendants in this lawsuit. (*See* ECF No. 19). Defendants Adams, Abuencamino, Foster, Hector, NNCC Maintenance Department, Rensmon, Reyes, and Tobar were dismissed at screening. (*See* ECF No. 18 at 17). Defendants Garcia, Jones, Light, Thomas, Baxley, Dressler, Aaron, Peterson, Rexwinkle, and Donnally were dismissed as service was not effectuated. (*See* ECF No. 65). Defendant A. Maier has been served but has not filed an answer. (*See* ECF No. 45).

court is Defendants' motion for summary judgment. (ECF Nos. 60, 62.)[3] Almy opposed the motion (ECF No. 70), and Defendants replied (ECF No. 71). Almy also filed objections to Defendant's reply (ECF No. 73) and a supplement to his response (ECF No. 75). For the reasons stated below, the court recommends that Defendants' motion for summary judgment (ECF No. 60) be granted, in part, and denied, in part.

## I. BACKGROUND AND PROCEDURAL HISTORY

Almy is formerly an inmate in the custody of the Nevada Department of Corrections ("NDOC"). At the time relevant to this action, Almy was incarcerated at the Northern Nevada Correctional Center ("NNCC"), the Southern Desert Correctional Center ("SDCC"), and the Lovelock Correctional Center ("LCC"). (ECF No. 19). On March 2, 2018, Almy filed his second amended *pro se* civil rights complaint ("SAC"), which alleges ten counts and seeks injunctive relief and monetary damages. (*Id.* at 47, 51-55). To provide clarity, each count is discussed in turn.

### A. Count I

Count I alleges an Eighth Amendment deliberate indifference to serious medical needs claim related to Almy's chronic obstructive pulmonary disorder ("COPD"). Almy asserts his COPD medication was discontinued without notice and as a result he suffered from multiple bouts of pneumonia. He further claims that prison officials continuously housed Almy near the showers, which exacerbated his bouts of pneumonia, and prison officials ignored the medical restriction for Almy to not be housed near the showers for health reasons. (ECF No. 19 at 23-27).

Upon screening, the Court allowed Almy to proceed with this claim against Defendants Donnelly, Hollingsworth, Sanchez, Williams, Cosman, Peterson, McCormack, Thomas, Garcia, Yates, A. Jones, Mooney, Irvin, Rexwinkle, Moyle, Ward, Gibson, and Baca. (*See* ECF No. 18 at 16). The claim against Defendants Donnelly,

---

[3]  ECF No. 62 consists of sealed documents in support of Defendants' motion for summary judgment.

2

Peterson, Thomas, Garcia, A. Jones, and Rexwinkle has been dismissed. (ECF No. 65). Therefore, Defendants Hollingsworth, Sanchez, Williams, Cosman, McCormack, Yates, Mooney, Irvin, Moyle, Ward, Gibson, and Baca are the only remaining defendants.

### B. Count II

Count II alleges an Eighth Amendment deliberate indifference to serious medical needs claim asserting: (1) defendant Light knew Almy had physical limitations but still required him to carry some of his property to his housing unit and as a result Almy injured his back and continues to have sciatic nerve pain; and, (2) Almy's pain was severe enough to cause him to miss meals because he could not walk to culinary, but prison officials would not help him with the pain, refused to process an emergency grievances, and made him move cells while in pain without an assistive device. (ECF No. 19 at 28-30).

Upon screening, the Court allowed Almy to proceed against Defendant Light (portion 1) and Defendants Aranas, Mooney, and Irvin (portion 2). (*See* ECF No. 18 at 16). The claim against Defendant Light has been dismissed (*See* ECF No. 65). Therefore, only the portion of Count II asserting claims against Defendants Aranas, Mooney, and Irvin remains.

### C. Count III

Count III asserts a First Amendment retaliation claim alleging that prison officials reduced Almy's classification and housing level due to his recent federal trial against NDOC officials. (ECF No. 19 at 31-32).

Upon screening, the Court allowed Almy to proceed with this claim against Defendants Yates and Thomas. (*See* ECF No. 18 at 17). The claim against Defendant Thomas has been dismissed (*See* ECF No. 65). Therefore, Yates is the only remaining Defendant in this count.

### D. Count IV

Count IV alleges an Eighth Amendment deliberate indifference to serious medical needs claim alleging that defendant Donnelly purposely discontinued Almy's calcium and

vitamin D supplements knowing that the lack of supplements would cause Almy to suffer an increase in osteoporosis injuries. (ECF No. 19 at 34).

Upon screening, the Court allowed Almy to proceed with this claim against Defendant Donnelly. (*See* ECF No. 18 at 17). However, claims against Defendant Donnelly have been dismissed, (*See* ECF No. 65), so this claim is effectively dismissed as there are no remaining defendants.

### E.  Count V

Count V alleges an Eighth Amendment deliberate indifference to serious medical needs claim alleging that Almy was unable to have chronic pain management because he could not afford to pay for the pain medication on a consistent basis and as a result Almy remained in constant pain. (ECF No. 19 at 36).

Upon screening, the Court allowed Almy to proceed against Defendants Donnelly, Sanchez, A. Jones, Mar, and Aranas. (*See* ECF No. 18 at 17). The claim has been dismissed against Donnelly and A. Jones. (*See* ECF No. 65). Therefore, Defendants Sanchez, Mar, and Aranas are the only remaining defendants.

### F.  Count VI

Count VI alleges an Eighth Amendment deliberate indifference to serious medical needs claim related to constant lapses in Almy's prescription refills. (ECF No. 19 at 37-41).

Upon screening, the Court allowed Almy to proceed against Defendants Aranas, Dressler, Gutierrez, Dreesen, Lucas (Candis Brockway), Wickham, Keast, Dzurenda, Tristan, Garcia, Aaron, and Larsen. (See ECF No. 18 at 17). The claim has been dismissed against Defendants Dressler, Garcia, and Aaron. (See ECF No. 65). Therefore, Defendants Aranas, Gutierrez, Dreesen, Brockway, Wickham, Keast, Dzurenda, Tristan, and Larsen are the only remaining defendants.

### G.  Count VII

Count VII alleges an Eighth Amendment deliberate indifference to serious medical needs claim, which was dismissed with prejudice at screening (*See* ECF No. 18 at 12).

### H. Count VIII

Count VIII alleges an Eighth Amendment conditions of confinement claim related to 100-degree heat in Almy's cell due to lack of air conditioning in his cell for three months. (ECF No. 19 at 44-45).

Upon screening, the Court allowed Almy to proceed against Defendants Maier, Baxley, Irvin, Baca, Byrne, Ward, Manning, and Clark. (*See* ECF No. 18 at 17). The claim has been dismissed as to Baxley. (*See* ECF No. 65). Therefore, Maier,[4] Irvin, Baca, Byrne, Ward, Manning, and Clark are the only defendants remaining.

### I. Count IX

Count IX alleges an Eighth Amendment conditions of confinement claim related to prison officials not providing adequate cleaning supplies or cleaning services to permit inmates to clean-up bodily fluids and germs left by mentally ill inmates on the unit. (ECF No. 19 at 46).

Upon screening, the Court allowed Almy to proceed against Defendants Dzurenda, Baca, Schrekengost, Ward, and Moyle. (*See* ECF No. 18 at 17).

### J. Count X

Count X alleges an Eighth Amendment conditions of confinement claim related to mentally ill inmates' tirades preventing Almy from sleeping at night and adversely affecting his health. (ECF No. 19 at 47).

Upon screening, the Court allowed Almy to proceed against Defendants Dzurenda, Baca, Schrekengost, Ward, and Moyle. (*See* ECF No. 18 at 17).

### K. Defendants' Motion for Summary Judgment

On April 15, 2019, Defendants filed their motion for summary judgment (ECF Nos. 60, 62). Defendants make the following arguments as to each count:

In Count I, Defendants argue that Almy failed to complete the grievance process related to being placed near the shower and therefore that portion of the claim should be

---

[4] While Maier has been served, (*see* ECF No. 45), he has not filed an answer.

dismissed for failure to exhaust. (ECF No. 60 at 5, 10). Defendants also argue that the portion of the claim related to Almy's COPD medication being discontinued by Dr. Donnelly is time barred as Almy completed the grievance process on May 16, 2014 and therefore the statute of limitations for this claim expired on May 16, 2016. (*Id.* at 11). Almy did not file his complaint in federal court until April 11, 2017. (*Id.*)

In Count II, Defendants argue that Almy failed to complete the grievance process as to this claim and therefore the claim should be dismissed for failure to exhaust. (*Id.* at 5, 10).

In Count III, Defendants argue that Almy was level reduced from Level 1 to Level 2 and required to move units because he did not have a job, which is a requirement for being a Level 1 inmate, and he was not level reduced in retaliation because of filing of lawsuits. (*Id.* at 13).

Defendants make various arguments as to the allegations in Count IV, however, pursuant to ECF No. 65, the claims against Defendant Donnelly have been dismissed. Because Defendant Donnelly is the only named defendant in Count IV, Defendants' arguments are moot.

In Count V, Defendants argue that Almy never filed any grievances related to his inability to afford his pain medication. (ECF No. 60 at 5, 10).

In Count VI, Defendants argue that Almy's allegations of deliberate indifference based on a delay in receiving prescriptions is unsupported by the evidence because Almy has not shown any damage caused by the alleged delay. (*Id.* at 13).

In Count VIII, Defendants argue that Almy's allegations regarding the broken AC unit and any harm he suffered are unsupported by evidence as there are no medical kites documenting a request to receive medical attention for alleged symptoms suffered by not having working air conditioning. (*Id.* at 14).

In Counts IX and X, Defendants argue that Almy did not file any grievances related to complaints of being housed with mentally ill inmates. (*Id.* at 5, 10-11).

Defendants also argue that Almy cannot establish personal participation as to Defendants Aranas, Baca, Clark, Dreesen, Dzurenda, Gibson, Gutierrez, Hollingsworth, Irvin, Keast, Larsen, Mar, Sanchez, Schrekengost, Tristan, Ward, Wickham, Williams and Yates who are employed as wardens, directors, physicians, nursing supervisors, or persons involved in the grievance process.  (*Id.* at 14-16).  Finally, Defendants argue that Defendants are entitled to qualified immunity.  (*Id.* at 16-18).

## II.   LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan*

1  *Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

//
//

### III.  DISCUSSION

####   A.  Civil Rights Claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Almy*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under section 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

####   B.  Counts I, II, V, IX, and X – Failure to Exhaust Administrative Remedies

Defendants' argument for summary judgment as to Counts I, II, V, IX, and X is premised upon the assertion that Almy did not properly exhaust available administrative remedies.  (ECF No. 60 at 8-11).  To prevail on the motion for summary judgment, Defendants must first meet their initial burden of establishing that there are no issues of fact that surround this issue.  However, Defendants have failed to meet this burden. First, Defendants assert that Almy "failed to complete the grievance process for Count I… failed to follow the procedural rules for this grievance (Count II) and it was not addressed on the merits… there are no grievances related to Count V… there are no grievances for [Almy's] Counts IX and X."  (*Id.* at 10).  In support of these arguments, Defendants proffer Exhibit 2 to the motion, entitled "Inmate Grievance History."  (ECF No. 60-2).  This document does not contain the information Defendants claim it does. Contrary to Defendants' representations, this document does not provide complete substantive information related to the grievances actually filed by Almy. There is no

9

summary information related to what was contained in the grievance nor is there any specific information related to what Almy actually attempted to grieve. Rather, as noted above, this document is nothing more than a summary of the various grievances filed. It provides the numbers assigned to the grievances, the dates they were filed, the type of grievance, who the grievance was assigned to and the like. Moreover, it contains the summary of the *responses* made by NDOC to the grievances filed. However, this document does not establish what Almy actually stated in his grievances in order to permit the court to conclude that NO grievance was actually filed that raised the issues asserted in Counts I, II, V, IX, and X of the complaint.[5]

Although Defendants provide 134 pages worth of Almy's "grievance history," Defendants failed to provide the underlying backup documentation for those grievances, which would have included the physical copies of the grievances filed by Almy. Rather, Defendants provided the backup information for only *one* of those grievances as Exhibit 3 to the motion related to grievance ending in number x72170. (ECF No. 60-3). However, Defendants failed to provide any other back up documents, including for the grievances related to Counts I and II, which Defendants claim Almy failed to properly exhaust. Without the balance of the information related to each grievance, Defendants cannot establish that there are is no issue of fact related to whether Almy properly filed grievances related to the claims in Counts I, II, V, IX, and X. Therefore, Defendants failed to meet their burden to support summary judgment on these claims.

### C.     Count III – First Amendment Retaliation

In Count III, Almy alleges that he was retaliated against by Yates when his classification and housing level was reduced due to his recent federal trial against NDOC defendants. (ECF No. 19 at 31-33).

It is well established in the Ninth Circuit that prisoners may seek redress for retaliatory conduct by prison officials under § 1983. *Rhodes v. Robinson*, 408 F.3d 559,

---

[5]     It is also unclear whether Exhibit 2 contains the grievance history for any emergency grievances filed by Almy that were not considered or rejected.

10

567 (9th Cir. 2004); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). "Prisoners have a First Amendment right to file grievances against prison officials and be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). A retaliation claim has five elements: (1) a state actor took some adverse action against the inmate (2) because of (3) the inmate's protected First Amendment conduct, and that the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567–68. If the plaintiff fails to allege that the retaliation had a chilling effect, he or she may still state a claim by alleging some other harm. *Id.* at 568 n.11.

Defendants argue that Almy's allegations that he was retaliated against when he was level reduced lacks support. (ECF No. 60 at 13). Defendants argue that Almy was reduced from Level 1 to Level 2 and required to move units because he did not have a job, which is a requirement for being a Level 1 inmate. (*Id.*) Defendants argue that having Level 1 inmates, who have more privileges, housed together, without intermixing with Level 2 inmates, is a legitimate safety concern. (*Id.*)

Almy argues in opposition that Defendants "fail to specify any specific defect in the complaint." (ECF No. 70 at 7). Almy also argues that his claim of retaliation is "supported by an abundance of evidence," and that "records will show" he was retaliated against. (*Id.* at 13-15). However, Almy does not provide said "records," but instead argues that Defendants failed or refused to comply with his discovery requests, which "would prove (or lead to proof) of [Defendants'] retaliatory action." (*Id.*)

To prevail against Defendants' motion for summary judgment, Almy must demonstrate a triable issue of material fact on each element of his retaliation claim. *Brodheim*, 584 F.3d at 1269 n. 3. Almy bears the burden of demonstrating the absence of legitimate correctional goals for the adverse action alleged, and this Court must "'afford appropriate deference and flexibility' to prison officials" in its evaluation of the correctional goals put forth. *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)). The Ninth Circuit has also

cautioned, however, against allowing prison officials to defeat a retaliation claim "simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taking in retaliation for the exercise of a constitutional right." *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).

Almy's argument that "records will show" he was retaliated against, does not carry his burden of demonstrating that material issues of fact exist with respect to element five of his retaliation claim. Accordingly, because Defendant assert that security is a legitimate concern in a correctional institution and Almy does not present evidence to the contrary, the Court recommends that Defendants' motion for summary judgment as to Count III be granted.

### D. Count VI – Deliberate Indifference to Serious Medical Needs

In Count VI, Almy alleges a deliberate indifference to serious medical needs claim based upon constant lapses in prescription refills by Defendants Aranas, Gutierrez, Dreesen, Brockway, Wickham, Keast, Dzurenda, Tristan, and Larsen. (ECF No. 19 at 37-41).

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105.

Courts in this Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted). First, the objective component examines

whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other . . . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

Defendants move for summary judgment as to this count by arguing that Almy's medical kites, "which is how he would request prescription refills, all seem to be responded to quickly," and Almy "will have a hard time proving to a jury that the delay he suffered in prison is any different than delays suffered outside of prison." (ECF No. 60 at 13). Defendants also argue that Almy has shown no damage caused by the alleged delay and he has no claim unless the delay was harmful. (*Id.*) In opposition, Almy argues that the medical kites submitted by Defendants do not provide the Court an

13

1 accurate picture of when or if he actually received his medication refills. (ECF No. 70 at
2 15). Almy also asserts that he suffered "irreversible damage with crippling effects" that
3 have left him unemployable, in pain, and have significantly diminished his quality of life.
4 (*Id.* at 5). Almy states that the repeated delays and discontinuations in filing his Atenolol
5 caused his blood pressure to elevate, caused him to have a stroke, which Defendants
6 allegedly failed to diagnose or treat, and his condition has subsequently worsened. (*Id.*
7 at 17). Almy provides medical records from after his release from prison, which show
8 numerous health problems. (ECF No. 70-6 at 30-80).

9 A genuine issue of material fact exists as to whether the delays and
10 discontinuations of Almy's medication amounts to deliberate indifference. Defendants'
11 argument that Almy "will have a hard time proving to a jury that the delay he suffered is
12 any different than delays suffered outside prison," is unavailing and not the standard for
13 summary judgment. Accordingly, the Court recommends that Defendants' motion for
14 summary judgment as to Count VI be denied.

15       **E.**    **Count VIII – Conditions of Confinement**

16 In Count VIII, Almy alleges the following: From May 2016 through August 2, 2016,
17 Maier, Irvin, Baca, Byrne, Ward, Manning, and Clark were deliberately indifferent to
18 Plaintiff's health because they failed or refused to repair the air conditioning in Plaintiff's
19 cell. (ECF No. 19 at 44.) In May 2016, Plaintiff repeatedly notified Maier and Irvin that the
20 air conditioning conduit was damaged and obstructing air flow into Plaintiff's cell. (*Id.*)
21 Those defendants claimed that they had placed a work order, but no repairs occurred
22 while Plaintiff was housed there. (*Id.*) Plaintiff's cell often reached 100 degrees or more
23 in the afternoon and evening hours and would not cool down at night. (*Id.*) Plaintiff
24 suffered chronic coughing, night sweats, and sleep deprivation. (*Id.*) Irvin, Ward, Clark,
25 Baca, Manning, and Byrne denied Plaintiff's grievances. (*Id.* at 44-45.)

26 The "treatment a prisoner receives in prison and the conditions under which he is
27 confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509
28 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be

1 restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to the unconstitutional conditions of confinement to establish an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. When considering the conditions of confinement, the court should consider the amount of time to which the prisoner was subjected to the condition. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

The Eighth Amendment guarantees adequate heating, *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), which includes protection from exposure to excessive heat. *See Johnson*, 217 F.3d at 731-32. "One measure of an inadequate, as opposed to merely uncomfortable, temperature is that it poses 'a substantial risk of serious harm.'" *Graves v. Arpaio*, 623 F.3d 1043, 1049 (9th Cir. 2010) (per curiam) (quoting *Farmer*, 511 U.S. at 834).

Defendants argue that if Almy "was suffering from the broken AC unit," he requested no medical attention because Almy's medical kites show no medical issues being reported regarding his alleged symptoms during the time in question, from May to August of 2016. (ECF No. 60 at 14). Thus, Defendants conclude that there is no evidence of any constitutional issue arising out of the alleged defective AC. (*Id.*) Almy argues that while he did not file medical kites related to the AC unit, he filed grievances in order to have the issue addressed. (ECF No. 70 at 18). A review of Almy's grievance related to the AC unit, Grievance No. 20063026330, shows that he did mention the

adverse health effects he was suffering (night sweats and sleep deprivation). (See ECF No. 60-2 at 25).

At this time, the Court finds that genuine issues of material fact exist as to whether the excessive heat Almy suffered for three months constitutes deliberate indifference. The Defendants present no argument as to whether having no air conditioning for three months is unconstitutional or whether prison officials were deliberately indifferent to those conditions. Defendants' argument that Almy suffered no medical issues because he did not file medical kites is ineffective. A genuine issue of material fact exists as to whether Almy's lack of medical kites is insufficient to establish he suffered medical issues when Almy alerted prison officials of his medical issues through the grievance process. Accordingly, the Court recommends that summary judgment be denied as to Count VIII.

### F.     Personal Participation

"There are two elements to a section 1983 claim: (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights." *Jones v. Cmty. Redevelopment Agency of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). A prerequisite to recovery under the Civil Rights Act, 42 U.S.C. § 1983, is that the plaintiff prove that the defendants deprived him of a right secured by the Constitution and the laws of the United States. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Liability under § 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "[V]icarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated

the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L.Ed. 2d 868 (2009).

Defendants argue that Aranas, Baca, Clark, Dreesen, Dzurenda, Gibson, Gutierrez, Hollingsworth, Irvin, Keast, Larsen, Mar, Sanchez, Schrekengost, Tristan, Ward, Wickham, Williams and Yates are all employed as wardens, directors, physicians, nursing supervisors or persons involved in the grievance process and therefore lacked the personal participation required to be held liable under § 1983. (ECF No. 60 at 14-16). Defendants then generally give examples of how these defendants were not directly or personally involved in the alleged constitutional violations. (*See id.*) This general assertion that defendants did not personally participate is insufficient to meet the necessary burden for summary judgment. The Court finds genuine issues of material fact exist as to the level of participation by each of these defendants and recommends that summary judgment on this basis be denied.

### G. Qualified Immunity

Finally, Defendants argue that even if some constitutional violation exists, they are entitled to qualified immunity because there is no evidence that the Defendants knowingly violated a clearly established right of Almy. (ECF No. 60 at 16-18).

The Eleventh Amendment bars damages claims and other actions for retroactive relief against state officials sued in their official capacities. *Brown*, 751 F.3d at 988–89 (citing *Pennhurst*, 465 U.S. at 100). State officials who are sued individually may also be protected from civil liability for money damages by the qualified immunity doctrine. More than a simple defense to liability, the doctrine is "an entitlement not to stand trial or face other burdens of litigation . . ." such as discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

When conducting a qualified immunity analysis, the court asks "(1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established." *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 236 (2009)). A right is clearly established if it would be

clear to a reasonable official in the defendant's position that his conduct in the given situation was constitutionally infirm. *Anderson v. Creighton,* 483 U.S. 635, 639–40, (1987); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012). The court may analyze the elements of the test in whatever order is appropriate under the circumstances of the case. *Pearson*, 555 U.S. at 240–42.

"[J]udges of the district courts… should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236. "[W]hether a constitutional right was violated… is a question of fact." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009). While the court decides as a matter of law the "clearly established" prong of the qualified immunity analysis, only the jury can decide the disputed factual issues. *See Morales v. Fry*, 873 F.3d 817, 824-25 (9th Cir. 2017); *Reese v. Cty. Of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018). Because the Court finds that genuine issues of material fact exist as to whether Almy's constitutional rights were violated, the Court declines to address the "clearly established" prong at this time.

**IV.    CONCLUSION**

Based upon the foregoing, the court recommends Defendants' motion for summary judgment (ECF No. 60) be granted as to Count III (retaliation) and denied as to Counts I, II, V, VI, VIII, IX, and X. The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motion for summary judgment (ECF No. 60) be **GRANTED** as to <u>Count III</u> alleging retaliation against Defendant Yates; and

**IT IS FURTHER RECOMMENED** that Defendants' motion for summary judgment (ECF No. 60) be **DENIED** as to:

- <u>Count I</u> alleging deliberate indifference to serious medical needs against Defendants Hollingsworth, Sanchez, Williams, Cosman, McCormack, Yates, Mooney, Irvin, Moyle, Ward, Gibson, and Baca;
- <u>Count II</u> alleging deliberate indifference to serious medical needs against Defendants Aranas, Mooney, and Irvin;
- <u>Count V</u> alleging deliberate indifference to serious medical needs against Defendants Sanchez, Mar, and Aranas;
- <u>Count VI</u> alleging deliberate indifference to serious medical needs against Defendants Aranas, Gutierrez, Dreesen, Wickham, Keast, Dzurenda, Tristan, and Larsen;
- <u>Count VIII</u> alleging a conditions of confinement claim against Defendants Irvin, Baca, Byrne, Ward, Manning, and Clark;
- <u>Count IX</u> alleging a conditions of confinement claim against Defendants Dzurenda, Baca, Schrekengost, Ward, and Moyle; and
- <u>Count X</u> alleging a conditions of confinement claim against Defendants Dzurenda, Baca, Schrekengost, Ward, and Moyle.

**DATED**: October 23, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**