UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN ALMY, *et al.*,

           Plaintiff,

v.

ISIDRO BACA, *et al.*,

           Defendants.

Case No. 3:17-cv-00224-MMD-CLB

ORDER

**I. SUMMARY**

Plaintiff Kevin Almy is a formerly incarcerated person who has filed this *pro se* prisoner civil rights case against various defendants. Before the Court is a Report and Recommendation of United States Magistrate Judge Carla Baldwin ("R&R") (ECF No. 76) regarding Defendants' Motion for Summary Judgment (the "Motion") (ECF No. 60).[1] Judge Baldwin recommends that the Court grant the Motion as to Count III but deny the Motion as to the remaining counts. (ECF No. 76 at 19.) Defendants filed an objection to the R&R.[2] (ECF No. 77.) For the reasons explained below, the Court will adopt the R&R.

**II. BACKGROUND**

The Court adopts the facts in the R&R (ECF No. 76 at 2-5) and does not recite them here.

///

---

[1] The remaining Defendants in this case include Isidro Baca, John Cosman, Edward Gibson, Ira Hollingsworth, Silvia Irvin, McCormick, Mooney, Moyle, Dr. Sanchez, Brian Ward, Gregory Yates, Romeo Aranas, D. Clark, Frank Dreesen, James Dzurenda, B. Gutierrez, J. Keast, C. Lucas, A. Maier, Sgt. Manning, Dr. Marr, Ron Schreckengost, David Tristan, Terez Wickham, Ronda Larson, Dr. Aaron, and Quentin Byrne. All Defendants except A. Maier and Dr. Aaron have filed the Motion. As such, the Court refers to moving Defendants collectively as "Defendants."

[2] Plaintiff did not object to Judge Baldwin's recommendation to grant summary judgment on Count III. He also did not respond to Defendants' objection.

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

### B. Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the

nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Where the moving party does not have the ultimate burden of persuasion at trial the party can meet its burden of production by either producing evidence that negates an essential element of the nonmoving party's case or by "showing" that the nonmoving party does not have enough evidence to meet an essential element of its claim or defense to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

## IV. DISCUSSION

Defendants object to the R&R on all counts except Count II, III, and most of Count VI.[3] (ECF No. 77 at 2.) The Court thus will adopt the part of the R&R that the parties did not object to, and has engaged in a *de novo* review to determine whether to adopt the part of the R&R to which Defendants object—regarding Count I, V, VIII, IX, and X and part of Count VI. Defendants contend that (1) Plaintiff failed to exhaust certain claims before filing suit, (2) Plaintiff cannot establish any personal participation on the part of most of the Defendants, and (3) Defendants are entitled to qualified immunity. (ECF No. 77 at 2, 6, 8.) The Court will address each argument in turn.

### A. Administrative Exhaustion

In the Motion, Defendants argue that Plaintiff failed to exhaust his administrative remedies as to Counts I, V, IX, and X, based on Exhibit 2, which is entitled "Inmate Grievance History." (ECF No. 60 at 8-11; ECF No. 60-2 (Exhibit 2).) *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (holding that failure to exhaust is an affirmative defense that the defendant must plead and prove). However, Judge Baldwin found that Exhibit 2 only contains a summary of NDOC's responses to filed grievances; "it does not establish what Plaintiff actually stated in his grievances in order to permit the court to conclude that NO grievance was actually filed." (ECF No. 76 at 9-10.) The Court agrees with Judge Baldwin.

Defendants' objection insists that Exhibit 2 shows that Plaintiff either failed to properly refile his grievance (on Count I) or failed to file a grievance on an issue altogether (on Counts V, IX and X). (ECF No. 77 at 4-5.) Indeed, it appears that prison officials may have copied and pasted Plaintiff's grievances into boxes titled "Proposed Response" within Exhibit 2 (*see, e.g.*, ECF No. 60-2 at 2), but Plaintiff has attested in his sworn opposition to Defendant's Motion that the document "is not a complete record of every

---

[3]While Defendants claim they do not object to Count VI, they later object to Defendant Aranas's alleged personal participation in that count (*see* ECF No. 77 at 7). As such, the Court will only discuss that issue as to Count VI later in this order.

4

grievance filed by Plaintiff . . . [and] does not present full, accurate verbatim records of Plaintiff's grievances" (ECF No. 70 at 1-2). *See Newport v. City of Sparks*, No. 3:12-cv-621-MMD-WGC, 2016 WL 1248723, at *3 n.1 (D. Nev. Mar. 28, 2016) (considering a *pro se* plaintiff's sworn opposition brief when evaluating the defendants' motion for summary judgment).[4] At the very least, Plaintiff has raised a genuine dispute of material fact on the exhaustion issue. *See Albino*, 747 F.3d at 1166 ("If material facts [on the exhaustion issue] are disputed, summary judgment should be denied . . .").

Defendants also point out that Plaintiff conceded he did not grieve the issue in Counts IX and X. (ECF No. 77 at 6 (citing to ECF No. 70 at 9:22).) But Defendants conveniently omit Plaintiff's sworn statement that prison officials threatened prisoners like him that if they filed a grievance about being co-celled with mentally ill inmates, "they'll be on the next bus to a worse prison." (*see id.* at 9-10). Plaintiff specified that he was fearful because he already suffered 45 retaliatory transfers and that his upcoming parole hearing might be jeopardized. (*Id.* at 10.) Under these facts, Plaintiff is excused for failing to exhaust his grievances for Counts IX and X. *See McBride v. Lopez*, 807 F.3d 982, 984, 987 (9th Cir. 2015) (holding that a "fear of retaliation may be sufficient to render the inmate grievance procedure unavailable" where a prisoner subjectively feared retaliation and such belief was objectively reasonable) The Court therefore overrules Defendants' objection and adopts the R&R on the exhaustion issue.

### B. Personal Participation

Defendants argue in the Motion that "Aranas, Baca, Clark, Dreesen, Dzurenda, Gibson, Gutierrez, Hollingsworth, Irvin, Keast, Larsen, Mar, Sanchez, Schrekengost,

///

---

[4]*See also Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) ("[B]ecause Jones is pro se, we must consider as evidence in his opposition to summary judgment all of Jones's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where Jones attested under penalty of perjury that the contents of the motions or pleadings are true and correct" (citations omitted).).

5

Tristan, Ward, Wickham, Williams,[5] and Yates. . . . for the most part . . . were not directly or personally involved in [Plaintiff's] care." (ECF No. 60 at 15.) *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that a defendant is personally liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant"); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[V]icarious liability is inapplicable to . . . § 1983 suits . . ."). In support of such broad assertion, Defendants refer to Plaintiff's entire Second Amended Complaint ("SAC") without any pin cites. (*See* ECF No. 60 at 15.) The Court agrees with Judge Baldwin that such general assertions are insufficient to meet Defendants' burden for summary judgment. (ECF No. 76 at 16-17.) Indeed, requiring the Court to sift through the record and concoct arguments in favor of Defendants—as if the Court were an adversary—would be unfair to *pro se* Plaintiff. *See Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). However, Defendants make two specific and supported arguments (ECF No. at 60:9-16) that were not specifically addressed in the R&R, and that Defendants reassert in their objection (ECF No. 77 at 7-8). The Court will address those arguments in turn.[6]

---

[5]The record reflects that Defendant Brian Williams, Sr. was terminated from the case in March 2, 2018. However, this notation was made in error. The screening order entered on March 2, 2018 allowed certain claims to proceed against Williams. (ECF No. 18 at 16.) Moreover, Williams has since accepted service (ECF No. 26) and joined in Defendants' answer to the SAC (ECF No. 44). The Court therefore will direct that the record be modified to reflect that Defendant Williams is an active party in this action.

[6]"The moving party must identify the specific issue or issues on which it claims the opposing party has no supporting evidence, and *demonstrate the absence of such evidence . . . [by] identify[ing] that part of the record which bears out his [or her] assertion.*" *Wilson v. City of Merced*, No. CV F07-1235LJODLB, 2008 WL 4737159, at *2 (E.D. Cal. Oct. 28, 2008) (emphases added) (citing to *Mt. Pleasant v. Associated Elec. Co-oP.*, 838 F.2d 268, 273 (8th Cir.1988), and *Russ v. International Paper Co.*, 943 F.2d 589, 592 (5th Cir.1991)). To the extent Defendants make specific arguments without any citation to the record (*see* ECF No. 60 at 15:17-22), the Court will not consider them. Moreover, Defendants support their contention that "Plaintiff makes the same bald assertions against defendants, Dreesen, Wickham and Keast" (ECF No. 60 at 15:15-16) with a citation to ECF No. 37—which is a docket notice pursuant to Local Rule IB 2-2 and notice of General Order 2013-1 and opportunity for expedited trial setting. Because Plaintiff has not pointed to *relevant* support in the record, the Court will also disregard their contention.

First, Defendants argue that Plaintiff has made "bald and conclusory" allegations that Aranas "violated [Plaintiff's] rights by failing to craft a policy or procedure enabling NNCC nurses to access narcotic/narcotic-like medications when needed on weekends or nights." (ECF No. 60 at 15 (citing to ECF No. 15-1 at 29-30); ECF No. 77 at 7 (same).) Plaintiff's sworn opposition brief attested that: (1) Aranas was Plaintiff's treating physician "on multiple occasions" and a grievance responder; (2) Aranas, as Director of NDOC Medical, "would be most responsible for ensuring accessibility of supplies to treat inmate patients"; (3) "medical records corroborate the prescribing of Flexoril on Friday and the failure to dispense until Monday night due to alleged inaccessibility," thereby subjecting Plaintiff to "excruciating pain"; and (4) "Aranas deliberately elected to become a complicitor [sic] in violation by conspiring to deny administrative remedies." (ECF No. 70 at 19.) He makes similar verified allegations in the SAC[7] about Aranas's refusal to create a policy to allow NDOC nurses access to certain pain medications on the weekends and in denying him "Flexoril." (ECF No. 19 at 29-30.) Plaintiff's sworn statements in his opposition brief and in his SAC are sufficient to create an material issue of fact as to whether Aranas was personally involved in Plaintiff's care and in denying him a consistent supply of pain medication to manage his chronic pain. As such, the Court will overrule Defendants' objection.

Second, Defendants argue that Plaintiff has also made "bald and conclusory allegations" that Aranas, Mar, and Sanchez "were deliberately indifferent to his needs by failing to provide him with a consistent supply of pain medication." (ECF No. 60 at 15 (citing to ECF No. 15-1 at 36); ECF No. 77 at 7-8 (same).) Again, these allegations in the SAC are sufficient to create a material issue of fact as to their personal participation. Accordingly, the Court overrules Defendants' objection.

---

[7]Courts must consider a *pro se* party's contentions offered in his pleadings as evidence in his opposition to a motion for summary judgment "where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [he] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas,* 393 F.3d 918, 923 (9th Cir. 2004).

### C. Qualified Immunity

In determining whether Defendants are entitled to qualified immunity, this Court must decide (1) whether there is a constitutional violation, and (2) whether that right was clearly established at the time of the challenged conduct. *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009) (citing to *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Because Judge Baldwin found "that genuine issues of material fact exist as to whether Almy's constitutional rights were violated, [she] decline[d] to address the 'clearly established' prong at this time." (ECF No. 76 at 18.) Defendants objected that, "in order to deny the Motion for Summary Judgment on qualified immunity, both prongs of the test must be satisfied." (ECF No. 77 at 9.) Although the Court agrees with Defendants,[8] the Court will overrule Defendants' objection and deny summary judgment.

First, Defendants essentially argue in the Motion that there is no evidence they knowingly violated a clearly established right of Plaintiff because Defendants followed the rules, processed his grievances, and provided proper medical care. (ECF No. 60 at 18.) But Defendants failed to support any of their assertions with any evidence, therefore they have failed to meet their burden of production. *See Wilson*, 2008 WL 4737159, at *2 (citations omitted). Finally, Defendants' objection argues for the first time that Plaintiff does not have a clearly established right as to his claims in Counts I, V, VII, IX, and X (*see* ECF No. 77 at 9-10. The Court has discretion, but is not required, to consider new arguments raised for the first time in a party's objection to a magistrate judge's ruling. *Brown v. Roe,* 279 F.3d 742, 7444-46 (9th Cir. 2002). The Court declines to address this argument because doing so now would deprive Plaintiff of an opportunity to respond.

In sum, the Court overrules Defendants' objection adopts the R&R in full.

---

[8]*See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) ("Qualified immunity attaches when an official's conduct does not violate clearly established statutory *or* constitutional rights of which a reasonable person would have known" (emphasis added).); *Wood v. Moss*, 572 U.S. 744, 757 (2014) ("The doctrine of qualified immunity protects government officials from liability for civil damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, *and* (2) that the right was clearly established at the time of the challenged conduct" (citation and internal quotes omitted; emphasis added).)

8

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motions before the Court.

It is therefore ordered, adjudged and decreed that Judge Baldwin's R&R (ECF No. 76) is accepted and adopted.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 60) is denied as to all claims, except the Court grants summary judgment in favor of Aranas on Count VI, and Aranas, Mar, and Sanchez on Count V.

It is further ordered that, although the docket reflects that Defendant Brian Williams, Sr. was terminated from the case in March 2, 2018, this termination was made in error. Defendant Williams is an active party in the case per ECF Nos. 26 and 44. The Clerk is directed to correct the docket and caption to reflect this information.

DATED THIS 4th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE